UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>   v.<br><br>ORLANDO BARAJAS,<br><br>               Defendant. | CASE NO. CR18-5579 RJB<br><br>ORDER DENYING DEFENDANT ORLANDO BARAJAS' MOTION FOR SENTENCE REDUCTION PURSUANT TO<br>18 U.S.C. § 3582(C)(1)(A)(i) |

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 1245). The Court is familiar with the records and files herein and all documents filed in support of, and in opposition to, the motion.

THE LAW[1]

In pertinent part, 18 U.S.C. § 3582(c)(1) reads as follows:

>   (c)  Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>      (1) in any case--
>         (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative

---

[1] The sections herein on The Law and Discussion – Legal Issues are taken from this Court's Order Granting Motion for Compassionate Release (Dkt 209) in *United States v McPherson*, WDWA Cause Number CR94-5708RJB, and are equally applicable here.

ORDER - 1

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
 (i) extraordinary and compelling reasons warrant such a reduction; or
 (ii) . . . .
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced by the statute is USSG § 1B1.13 was required by 28 U.S.C. § 944(f), which provides:

The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

In pertinent part, the policy statement at USSG § 1B1.13 provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
 (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
 (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
 (3) The reduction is consistent with this policy statement.

**Commentary**
**Application Notes:**

1. **Extraordinary and Compelling Reasons**. – Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
 (A) **Medical Condition of the Defendant –**
  (i) The defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic later sclerosis (ALS), end-stage organ disease, and advance dementia.

ORDER - 2

        (ii) The defendant is –
            (I) suffering from a serious physical or medical condition,
            (II) suffering from a serious functional or cognitive impairment, or
            (III) experiencing deteriorating physical or mental health because
            of the aging process
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

       (B) **Age of the Defendant**.--The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

       (C) **Family Circumstances** –
           (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
           (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

       (D) **Other Reasons**.—<u>As determined by the Director of the Bureau of Prisons,</u> there exists in the defendant's case an extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivision (A) through (C).

2.  **Foreseeability of Extraordinary and Compelling Reasons**.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.  **Rehabilitation of Defendant**.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.  **Motion by the Director or the Bureau of Prisons**.—<u>A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons</u> pursuant to 18 U.S.C. § 3582(c )(1)(A).  The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1.  The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

ORDER - 3

5.  **Application of Subdivision (3)**.—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

DISCUSSION – LEGAL ISSUES

First, because of the existing Policy Statements at USSG § 1B1.13 were adopted <u>before</u> 18 U.S.C. § 3582 (c)(1), parts of the Policy Statements are obsolete and must be disregarded. The parts to be disregarded are underlined, above.

Second, 28 U.S.C. § 944(f) required the Sentencing Commission in the Policy Statement, to include "the criteria to be applied" in considering extraordinary and compelling reasons for sentence reduction.  This the Commission failed to do, except for determining, in Application Note 4, that, "The court is in an unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement" followed by a non-exclusive list of things the Court should consider.  This listing of things the Court should consider hardly sets the criteria for a finding of extraordinary and compelling reasons for a sentence reduction, leaving it to the Court to determine what qualifies, after appropriate analysis.

Third, these further observations support this conclusion:  First, the listing of examples of extraordinary and compelling reasons in the Policy Statements § 1B113 and Application notes is not, by its language, exclusive.  Second, the listing of things that are not considered extraordinary and compelling does not limit what else may be considered extraordinary and compelling.  Third, Application Note 1(D) clearly opens the door to consider reasons other than the examples listed in determining whether extraordinary and compelling reasons for a sentence reduction exists.

"Extraordinary and compelling" means "extraordinary and compelling."

ORDER - 4

DISCUSSION

Defendant seeks early release from an 18-month sentence.  He has served nine months, approximately.  He has complied with the 30-day exhaustion of administrative remedies as required.

Defendant is imprisoned at the Giles W. Darby Correctional Facility, a Bureau of Prisons contract facility in Texas.

Defendant was born in 1978 and is 42 years old.

Defendant claims that he is at high risk for complications from COVID-19 due to his health conditions and his Latin race, that his place of confinement is a high-risk place for contracting COVID-19, and that his family needs him at home.

There seems to be an open question whether he will be detained by ICE on his release from custody, and whether he will be deported as an illegal alien.

Defendant lists his physical ills that make him susceptible to serious complications as follows:  obesity, heart issues, residual pain from hip replacements, and arthritis.  The parties sharply differ on the seriousness of those ills and the degree that they will cause complications should Defendant contract COVID-19.  There is a lack of definitive medical opinion in the file on this subject.  A review of the whole file, including medical records, lead the Court to the conclusion that, while Defendant is suffering from serious and permanent physical and medical conditions, he is well able to provide self-care in the prison setting, and his conditions appear stable.  Defendant's physical condition, and his risk of complications should he get a COVID-19 infection, are not sufficient to present extraordinary and compelling reasons to reduce his sentence.

The question remains whether Defendant's physical and medical condition, in combination with other factors, present extraordinary and compelling reasons to reduce his sentence.

Defendant presents information regarding the fact that Latinos are at a higher risk of COVID-19 complications than the general population.  This factor would be the same whether Defendant is in custody or not.

Defendant's showing of COVID-19 history at his place of incarceration does not show an extraordinary or compelling concern for contracting the virus.

Nor does Defendant's desire to care for his family present such concerns beyond the difficulty of any family when a provider is incarcerated.

All of these matters together simply are not sufficient to show extraordinary or compelling reasons to adjust Defendant's sentence.

This motion is not a tool to correct Defendant's sentence, and analysis of 18 U.S.C. §3553(a) is not here necessary.

## ORDER

For the foregoing reasons, Defendant Orlando Barajas' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(C)(1)(A)(I) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of November, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER - 6